UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO JOSE MORALES, ) | |
| ) | |
| Petitioner, ) | CASE NO. 2:07-cv-00826-RSL-JLW |
| ) | |
| v. ) | |
| ) | ORDER DIRECTING RESPONDENT |
| R. J. RUBIA, WARDEN, ) | TO PROVIDE SUPPLEMENTAL |
| ) | BRIEFING & TO SUPPLEMENT THE |
| Respondent. ) | RECORD |
| ) | |

This is a federal habeas action brought pursuant to 28 U.S.C. § 2254. Petitioner's federal habeas petition is ripe for consideration. The record provided by the parties, however, is insufficient to allow this Court to proceed to disposition of the petition. Specifically, petitioner's second ground for relief alleges that the Board of Parole Hearings' January 20, 2006, denial of parole failed to comply with the negotiated terms of his plea agreement, thereby violating his federal constitutional due process rights. (*See* Dkt. 6 at 4 -7.)

In support of his contention, petitioner provided the Court with a portion of the plea colloquy apparently typed by petitioner, or by someone assisting him with his petition. (*Id.* at 6.) Petitioner relies on *Brown v. Poole*, 337 F.3d 1155 (9th Cir. 2003) for its holding that a prosecutor's oral promise during the plea colloquy is part of the contract between the

ORDER RE: SUPPLEMENTAL BRIEFING - 1

defendant and the State and entitles a defendant to specific performance of the promise.  In the answer, respondent summarily dismissed petitioner's claim, citing *Buckley v. Terhune*, a case that was overruled by an *en banc* panel of the Ninth Circuit Court of Appeals more than a year before the Answer was filed.  *See Buckley v. Terhune*, 397 F.3d 1149 (9th Cir. 2005), *rev'd by*, 441 F.3d 688 (9th Cir. 2006) (en banc).  Respondent also failed to address petitioner's argument under *Brown*.  Moreover, respondent did not provide the Court with any transcript or written documentation of the plea agreement or plea colloquy, nor did he indicate what portions of such transcript(s) was available, as required by Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

In order to properly address petitioner's claim, this Court must obtain all relevant transcripts and written documentation regarding the plea agreement, as well as a complete record of petitioner's state habeas proceedings in the Los Angeles County Superior Court.

Accordingly, the Court hereby ORDERS as follows:

(1) Within fourteen (14) days of the date of this Order, respondent shall comply with Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts by furnishing the Court with a copy of the transcripts of all proceedings relating to the plea colloquy, all written documents related to this claim, and a complete record of petitioner's state habeas proceedings in the Los Angeles County Superior Court;

(2) If any of the above mentioned materials are unavailable, respondent should, within fourteen (14) days of the date of this Order, inform this Court with specificity as to their unavailability;

(3) Within fourteen (14) days of the date of this Order, respondent shall also prepare a supplemental brief addressing this claim and shall discuss all relevant and controlling case law, including but not limited to *Brown* and the *en banc* decision in *Buckley*;

ORDER RE: SUPPLEMENTAL BRIEFING  -  2

01     (4) Within thirty (30) days of receipt of respondent's supplemental filing, petitioner may file and serve a response; and

02

03     (5) The Clerk is directed to send copies of this Order to petitioner, to counsel for respondent, and to the Honorable Robert S. Lasnik.

04 DATED this 13th day of July, 2009.

                                                                           JOHN L. WEINBERG
                                                                           United States Magistrate Judge

ORDER RE: SUPPLEMENTAL BRIEFING  -  3